UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SUSAN J. BOKLAGA,                                    CASE NO.

    Plaintiffs,

vs.

JP MORGAN CHASE BANK, N.A.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, OMAR HEVIA sues Defendant, JP MORGAN CHASE BANK, N.A., for monetary relief, including attorney fees and costs, and respectfully demands judgment against the Defendant on all claims pled against it in this complaint. Plaintiff brings this action under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and its implementing regulation, Regulation X, 12 C.F.R § 1024 ("Regulation X"), for violations of RESPA. The ultimate facts supporting Plaintiff's entitlement to the requested relief are articulated in the numbered paragraphs below.

<u>Jurisdiction, Venue, and Parties</u>

    1.    This Court has subject matter jurisdiction over Plaintiff's claim under the RESPA and Regulation X pursuant to 12 U.S.C. § 2614.

    2.    Venue is proper in the United States District for the Southern District of Florida under 12 U.S.C. § 2614 because it is the district in which the property involved is located.

    3.    Plaintiff is a Florida resident residing in Palm Beach County, Florida.

    4.    Defendant is a foreign corporation with its principal place of business in the State of Ohio. At all times material to this action, Defendant regularly transacted business in the State of Florida.

Introduction

5. In January 2013, the Consumer Finance Protection Bureau ("CFPB") issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act ("DFA"), Public Law No. 111-203, 124 Stat. 1376 (2010).

6. Specifically, on July 10, 2013, the CFPB issued mortgage rules under Regulation Z and Regulation X pursuant to its authority under the DFA, which became effective on January 10, 2014.

7. Defendant JP MORGAN CHASE BANK, N.A. is a loan "servicer" of the Plaintiff's "federally related mortgage loan" as those terms are defined in the RESPA, 12 U.S.C. § 2602(1) and 12 U.S.C. § 2605(i)(2) (the "Loan"). Defendant receives payments from consumers and is responsible for distributing those payments to the investors who own the consumers' loans and, when the consumers' loans include escrow accounts, to the consumers' taxing authorities or insurance companies. Thus, it is a servicer within the meaning of RESPA. 12 C.F.R. § 1025.2(b). Thus, the Defendant is subject to the servicing requirements provided for in the RESPA and Regulation X.

8. RESPA and Regulation X are applicable to all "federally related mortgage loans", which include any loans secured by a first or subordinate lien on residential real property upon which a one-to-four family structure is located and which is made in whole or in part by any lender that is either regulated by or whose deposits or accounts are insured by an agency of the Federal Government. *See* 12 C.F.R. § 1024.2. Accordingly, Plaintiff's Mortgage is a "federally related mortgage loan" as defined in Regulation X. *Id.*

9. Plaintiffs are asserting a claim for relief against Defendant for breaches of the specific rules under Regulation X as set forth below.

10. Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) for the claimed breaches and such action provides for remedies including actual damages, statutory damages, attorneys' fees and costs.

Factual Allegations

11. Plaintiff is the fee simple owner of real property located at 5229 Celery Lane, Palm Beach Gardens, Florida 33418 (the "Property").

12. On or about November 20, 2015, JP Morgan Chase Bank, N.A. filed a foreclosure lawsuit in the 15th Judicial Circuit in and for Palm Beach County, Florida against Plaintiff. The case is styled *J.P. Morgan Chase Bank, N.A. v. Susan J. Boklaga, et al.*, case no. 502015CA13407XXXXMB.

13. At all material times, Defendant was the loan servicer on the Plaintiff's loan from including and up through the date of the filing of this federal lawsuit.

14. In November 2018, the Plaintiff submitted a facially complete loan modification package to Defendant, as a result of the Plaintiff's financial circumstances having changed. The application was received by the Defendant and Defendant would have had until November 13, 2018 to transmit a response letter to the Plaintiff.

15. Upon receipt of the loss mitigation application, the Defendant did not promptly and timely provide the notice that would let the Plaintiff know if the application was complete or otherwise state what was needed to make the application complete. Instead, the Defendant waited until December 19, 2018 to send a letter which, was on its face, not in compliance with the law and otherwise deficient of the required items that should have been in the notice.

16. In addition to this error, on December 4, 2018 the Defendant's foreclosure counsel informed the Plaintiff's foreclosure counsel that it had all the documents necessary for the Defendant to evaluate the application. The Defendant should have provided a written decision no

later than January 3, 2019. As of the January 30, 2019, the Defendant has failed to provide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it would offer to the Plaintiff.

17. Furthermore, in a June 26, 2018 letter regarding a prior loss mitigation offer, the Defendant committed an error by not making the borrower aware of how much time the borrower had to accept the offer, which resulted in the unnecessary expiration of the loss mitigation offer.

18. On January 31, 2019, the Plaintiff was compelled to send out a Notice of Error setting forth the Defendant's violations in this matter. A copy of the Notice of Error is attached as an Exhibit.

19. All conditions precedent prior to filing this lawsuit have occurred or otherwise been satisfied.

## COUNT I

20. Plaintiff incorporates the allegations in paragraphs 1-20 above into this count for damages.

21. 12 C.F.R.1024.41(g) states:

> Prohibition on foreclosure sale. If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless:
>
> (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;
>
> (2) The borrower rejects all loss mitigation options offered by the servicer; or
>
> (3) The borrower fails to perform under an agreement on a loss mitigation option.

22. The Plaintiff had submitted a complete loss mitigation application more than 37 days before the February 1, 2019 trial date.

23. None of the exemptions listed in subparagraphs (1)-(3) of 12.1024.41(g) applied to the Plaintiff.

24. As set forth in the Official Bureau Interpretations comment 41(g)-2, 12 C.F.R. Appendix Supplement I to Part 1024, nothing prevents the servicer from proceeding with the foreclosure process upon receipt of the loss mitigation application, "so long as any such steps in the foreclosure process do not cause or directly result in the issuance of a foreclosure judgment or order of sale, or the conduct of a foreclosure sale in violation of § 1024.41."

25. As also set forth in the Official Bureau Interpretations comment 41(g)-5, 12 C.F.R. Appendix Supplement I to Part 1024, conducting a foreclosure sale, where none of the above conditions are applicable, is prohibited by law, "even if a person other than the servicer administers or conducts the foreclosure sale proceedings."

26. The Plaintiff submitted an application to Defendant, which remains pending.

27. Defendant also committed an error relating to the failure to pay documentary stamp taxes on the loan modification, which renders any actions unenforceable in the state court.  12 C.F.R. 1024.35(b)(4), (11).  Defendant also committed an error relating to the failure to advise the Plaintiff of how much time was available to accept the original loan modification.  12 C.F.R. 1024.41(i)(4).  Defendant also committed an error by not providing a timely decision to appeal or independent review of the November 2018 loss mitigation.  12 C.F.R. 1024.41(i)(4).  Defendant also committed an error by failing to provide the Plaintiff with a notice in writing stating the servicer's determination of which loss mitigations, if any, it would offer to the Plaintiff.  12 C.F.R. 1024.41.

28.    Plaintiff incurred actual damages in the form of (1) costs and legal fees incurred to prepare each Notice of Error, together with the attorneys' fees and costs related to the Notice of Error, preparation and attendance at the subject state foreclosure trial and the federal litigation; (2) costs incurred in connection with the photocopying and mailing of the notice of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X.  Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f).  The pattern or practices includes doing a publication of sale for November 2018, doing a publication of sale for December 2018, moving for final judgment and moving for sale.  Regulation X allows for up to $2,000 in statutory damages per pattern or practices.  Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

## **Prayer for Relief**

Wherefore, Plaintiffs demand final judgment against Defendant providing for all of the following:

   a. awarding actual damages that have been and may be proximately caused by Defendant's violations;
   b. awarding statutory damages;
   c. prevailing party attorneys' fees and costs; and
   d. awarding any further relief available under the law.

## **Jury Demand**

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

Respectfully submitted,

BRUCE BOTSFORD, P.A.
1615 S.W. 2nd Avenue
Ft. Lauderdale, Florida 33315
Telephone: (954) 990-4213
E-Mail: service@botsfordlegal.com


By: *Bruce Botsford*
Bruce Botsford
Florida Bar No. 31127
